# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | |
|---|---|
| IN RE:     LINDA J. PERKINS, | Case No. 3:10-BK-16080-ARE |
| Debtor | Chapter 13 |

| | |
|---|---|
| **WELLS FARGO BANK, NA** | **MOVANT** |

VS.

| | |
|---|---|
| **LINDA J. PERKINS, Debtor;** | |
| **and MARK T. MCCARTY, Trustee** | **RESPONDENTS** |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Comes now Wells Fargo Bank, NA, by and through its attorneys, Wilson & Associates, P.L.L.C., and for its Motion for Relief from Automatic Stay against Linda J. Perkins, the Debtor herein, states:

1. It is the servicer of the mortgage and promissory note originally executed by Linda J. Perkins on January 9, 2008, securing payment in the principal sum of $54,000.00 to AFS Financial, Inc. This mortgage covers the real property located at 309 West Jefferson Avenue, West Memphis, Arkansas 72301, more particularly described as follows:

> **The following lands lying in the County of Crittenden and State of Arkansas, to wit:**
>
> **Lot 5 in Block 3 of the Oakshire First Addition to the City of West Memphis, Arkansas, as shown by plat of record in Plat Book 2 at page 342, subject to Bill of Assurance of record in Book 453 at page 546.**

2. The Debtor herein is currently in default under said mortgage and promissory note by virtue of Debtor's failure to make the full regular monthly installment payments thereon.

3. The mortgage and promissory note are in default and, in addition to the principal balance due, Debtor owes interest thereon at the rate of 2% per annum until paid, applicable late charges

thereon until paid, and Movant may also be entitled to reasonable attorney's fees as set forth in the mortgage.

4. As set forth herein, Debtor is contractually and post-petition due for the September 1, 2010 payment, thus indicating that Debtor is not meeting its payments to Movant. Movant would affirmatively allege that the Debtor has defaulted under the provisions of the plan and that Debtor has failed to tender and pay to the plan sufficient funds to make payments to Movant as required by the confirmed plan. Movant would respectfully further allege that the Debtor continues to use the real property, thereby causing it to diminish in value. Under the Debtor's bankruptcy plan, these payments are to be paid outside the plan. At the Debtor's current rate and amount of payments, Debtor will not cure the arrearage which Debtor owes to Movant and indeed will only fall further behind, thus making Debtor's Chapter 13 plan no longer feasible. This failure constitutes material default, which entitles Movant to relief pursuant to 11 U.S.C. §362(d)(1).

5. Movant would affirmatively allege that it is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1), and that cause exists, due to the failure of Debtor to tender sufficient funds to the Chapter 13 plan, to provide for adequate protection payments of Movant's interest in the real property. Debtor is unable to demonstrate any reasonable likelihood that Debtor will be able to make payments to Movant as required to keep the collateral from deteriorating. Therefore, the Court should grant Movant relief from the automatic stay to enable Movant to foreclose against and liquidate the real property and, if appropriate, to file an unsecured claim in this Chapter 13 proceeding.

6. Movant requests that Rule 4001(a)(3) not apply in this case, thus permitting it to immediately enforce and implement an order granting relief from the automatic stay.

7. In the event that relief is not granted, Movant requests that the Court enter an Order for the Debtor to strictly comply with the plan payments for the life of the Chapter 13 plan.

WHEREFORE, Movant prays that it be granted relief from the automatic stay; that it be allowed to initiate foreclosure proceedings against the real property securing the Debtor's mortgage and promissory note; that in the event relief is not granted, the Court enter an Order for the Debtor to strictly comply with the plan payments for the life of the plan; for its costs and attorney's fees herein, and for all other just and proper relief.

        Respectfully submitted,

        WILSON & ASSOCIATES, P.L.L.C.
        1521 Merrill Drive, Suite D-220
        Little Rock, Arkansas 72211
        (501) 219-9388


By:   /s/Travis A. Gray
       Aaron Caldwell (2008091)
       Leslie Fryxell (88096)
       Travis A. Gray (2008212)
       Kimberly D. Burnette (88077)

Attorneys for Movant

## CERTIFICATE OF SERVICE

On November 24, 2010 a copy of the foregoing was served via electronic mail upon Davis H. Loftin, Attorney at Law, 310 Mid-Continent Plaza, Suite 360, West Memphis, AR 72301.

        /s/Travis A. Gray
        Aaron Caldwell
        Leslie Fryxell
        Travis A. Gray
        Kimberly D. Burnette

W&A. 72-171978 / Loan No. xxxxxx4094